The opinion of the court was delivered by
Poohé, J.
Defendants resist the payment of a promissory note executed by them jointly in December, 1884, payable ten months *172 after date to the order of, and endorsed by, the agricultural firm of Ooulon & Bernard, and now held by plaintiff.
Their defence is that they received no consideration for the note, which they executed as an accommodation “ for the purpose of assisting the payees thereof, Ooulon & Bernard, and the plaintiff herein, of which fact the said plaintiff was fully cognizant, and received said note fully aware at the time the said note was transferred to him and became his, that your defendants received no consideration therefor.” The words herein italicized are transcribed from their answer. They prosecute this appeal from a judgment in favor of plaintiff.
The undisputed facts of the case are: That in 1884, plaintiff, who was the commission merchant of Ooulon & Bernard, sugar planters, having made advances on their crop of that year, and being called on for an additional loan, refused to make the same without security. Whereupon the note now sued on was produced by Ooulon for his firm, for whose account it was discounted by plaintiff, who placed nett proceeds to their credit.
It is in proof that Ooulon represented to the defendants that the note which they executed at his urgent request, was purely an ae - cómmodation, to be used by Weill in borrowing money thereon, with the full and distinct understanding that Weill would never look to the makers for payment.
The testimony is very conflicting on all other points in the case, principally on the alleged knowledge of and ratification by plaintiff of the representation made of the matter by Ooulon to the defendants. As the note was acquired by plaintiff long before maturity, proof of that knowledge on his part is a legal requisite to defeat his right of recovery on the note.
He admits that he knew that the note was an accommodation, and he states that he advanced his money on that very consideration, but he disclaims any knowledge of any equities or agreement which might have been stipulated between the makers and the payees of the note, as contended for by the defendants.
In such cases the rights of the holder of accommodation paper are settled as follows:
“A defendant may, in general, make the defence of want of consideration against a remote party, if he could have made it against a nearer party, and the remote party took the paper from the nearer *173 partj- with a knowledge that it was open to this defence. But a very important exception to this rule prevails in the case of accommodation paper. The plain reason of this is that the accommodation maker, acceptor or indorser, intends to lend his credit, and does it as a favor to some party who pays him nothing. This party therefore can never sue him, or if he does, the want of consideration will be a perfect defence. But if this accommodated party uses the credit he has borrowed by selling the note or getting it discounted, the holder may say: ‘ I bought the note or discounted it for the very reason that you had lent your credit on it, and I took it on the faith of your credit.’ We must therefore understand the legal definition of an accommodation party to negotiable paper to be one who puts his name there without any consideration, with the intention of binding his credit to the accommodated party.” Parsons on Notes and Bills, page 183; Edwards on Bills and Notes, Sec. 316; Bank vs. Cason, 39 An. 865; Sadler vs. White, 14 An. 177.
After a careful study of the record, we conclude that defendants has not only failed to prove that plaintiff knew and acted on the knowledge that the note was executed and intended as an accommodation to himself, but that the preponderance of the evidence goes far to establish the reverse or negative of that proposition.
From the testimony of one of the defendants himself, it appears that, after several conversations with Weill, in which he understood the latter to have released him and his brother and partner from any liability on the note, in the last interview on the subject, Weill had offered to “knock off” the sum of $500 on the amount of the note in capital and interest.
Such an offer clearly and conclusively negatives the idea of any intention on the part of plaintiff to entirely release the makers of the note from liability thereon. And that fact in connection with the proof that he discounted the note himself; that he never used it, either as a pledge or collateral security, either to boi’row money or to secure any indebtedness of his; that he never parted with it at any time; that on account of the crop of 1884 Ooulon & Bernard remained his debtors in a sum exceeding $3,500, all contribute to satisfy us, as it did the District Judge, that the note had been executed solely and exclusively for the accommodation of Coulon & Bernard, .and that plaintiff is entitled to the protection which law and jurisprudence extend to the bona fide holder of negotiable paper, acquired *174 before maturity and without notice or knowledge of any equities which might or did exist between the parties to the note. Cochrane vs. Dickinson, 40 An. 127.
We understand that the firm belief in defendants’ minds that they are not, and never were, bound for the payment of the note in suit, results from an honest misunderstanding of the contract which they had entered into and an unfortunate misconception of the obligation which they had thereby incurred.
But we leave the case with a clear conviction that plaintiff had no connection, directly or indirectly, with any deception practised on them, or any misrepresentation made to them in the premises. It may be a hard case on the defendants, but courts must apply the law, even though they may regret consequences.
Judgment affirmed.
Fenner, J., absent.